**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TRAVIS BENJAMIN,

Plaintiff,

v.

DOVE MAILING, INC. D/B/A DOVE DIRECT,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Travis Benjamin ("Plaintiff" or "Mr. Benjamin"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq*. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

3.

Defendant Dove Mailing, Inc., d/b/a Dove Direct ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant is a Domestic Profit Corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its corporate Registered Agent, Joyce M. Newton, 980 Overlook Drive, Atlanta, GA 30331.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 4, 2020.

11.

On September 25, 2020, the EEOC issued the Dismissal and Notice of Rights, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant on or about June 14, 2017 as Print and Mail Sales Executive.

14.

Plaintiff has a disability and/or perceived disability

15.

Specifically, Plaintiff suffers from gastrointestinal issues that cause Plaintiff to be in the restroom for several hours in the morning. Plaintiff has sought care from a physician to deal with his medical issues.

16.

On December 4, 2019, General Manager Reggie Green told Plaintiff that he had to be at his desk every morning at 8:30 a.m. and gave Plaintiff a write-up for not being at his desk at 8:30 a.m.

17.

On December 5, 2019, Plaintiff went to his doctor to request an accommodation to allow him to come into the office a little later due to his medical issue. This accommodation would allow Plaintiff to avoid the embarrassment and humiliation of extended bathroom time at the office.

18.

On December 6, 2019, Plaintiff gave his accommodation request to Stacy Powers, Human Resources.

19.

On January 16, 2020, Plaintiff's reasonable accommodation request was denied via email from Stacy Powers.

20.

Defendant made no other efforts to accommodate Plaintiff's medical condition.

21.

On January 27, 2020, Plaintiff was terminated for not following directions / insubordination.

22.

Prior to December 2019, Plaintiff had not been required to be in the office at 8:30 a.m.

23.

Prior to Plaintiff's request for an accommodation, Defendant never questioned Plaintiff's job performance.

24.

The requirement for Plaintiff to "be at his desk" at 8:30 a.m. had no bearing on his ability to perform.

## CLAIMS FOR RELIEF

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

25.

Plaintiff re-alleges paragraphs 13-24 as if set forth fully herein.

26.

Plaintiff has a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

27.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

28.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

29.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

30.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

31.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

32.

Defendant terminated Plaintiff's employment because of his accommodation requests.

33.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

35.

Defendant treated other employees outside Plaintiff's protected class differently.

36.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of

the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

39.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

40.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

41.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

42.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

43.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

44.

Plaintiff re-alleges paragraphs 13-24 as if set forth fully herein.

45.

Plaintiff has a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

46.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

47.

Defendant was aware of Plaintiff's disability.

48.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

49.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

50.

Plaintiff requested that Defendant accommodate his disability by requesting that he not be required to be at his desk each morning at 8:30 a.m.

51.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding his request for a reasonable accommodation of his disability.

52.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

53.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

54.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

56.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

57.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

58.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

59.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

60.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT III: RETALIATION IN VIOLATION OF THE ADA, AS AMENDED**

61.

Plaintiff re-alleges paragraphs 13-24 as if set forth fully herein.

62.

Plaintiff has a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

63.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

64.

Defendant was aware of Plaintiff's disability.

65.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

66.

Defendant terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

67.

Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

68.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

69.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

70.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

71.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

72.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

73.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

74.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

75.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

76.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 23rd day of December, 2020.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Travis Benjamin*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com

Filename: 00490845.DOCX
Directory: C:\Users\marilyn\Documents
Template: C:\Users\marilyn\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title: Travis Benjamin. ADA Complaint (00490845).DOCX
Subject:
Author: Amanda A. Farahany
Keywords:
Comments:
Creation Date: 12/10/2020 11:44:00 PM
Change Number: 8
Last Saved On: 12/23/2020 1:15:00 PM
Last Saved By: Marilyn D. Schmitt
Total Editing Time: 123 Minutes
Last Printed On: 12/23/2020 1:23:00 PM
As of Last Complete Printing
Number of Pages: 18
Number of Words: 2,096 (approx.)
Number of Characters: 11,847 (approx.)